**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

GRECIA HOWARD,

    Plaintiff,

v.                                                           Case No:  6:16-cv-505-Orl-40TBS

WELLS FARGO BANK, N.A.,

    Defendant.
_____

## ORDER

This cause comes before the Court on the following:

1. Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Complaint, or, in the Alternative, Motion for More Definite Statement and Incorporated Memorandum of Law (Doc. 12), filed March 30, 2016;

2. Plaintiff Grecia Howard's Response to Defendant Wells Fargo's Motion to Dismiss, or in the alternative, Motion for More Definite Statement and Memorandum of Law. (Doc. 15), filed April 4, 2016.

Upon consideration, Defendant's Motion to Dismiss Complaint, or, in the Alternative, Motion for More Definite Statement is denied.

**I.**    **BACKGROUND**[1]

Plaintiff, Grecia Howard ("Ms. Howard"), brings this action against Defendant, Wells Fargo Bank, N.A. ("Wells Fargo"), for injuries she suffered on or about January 13,

---

[1] This account of the facts is taken from Plaintiff's Complaint (Doc. 2), the allegations of which the Court must accept as true for purposes of considering Defendant's Motion to Dismiss. *See SEC v. ESM Grp., Inc.*, 835 F.2d 270, 272 (11th Cir. 1988).

1

2014. (Doc. 2). Wells Fargo owns and operates a banking service with a branch office located in Palm Bay, Brevard County, Florida. (*Id.* at ¶¶ 3–4). On January 13, 2014, Ms. Howard entered the Wells Fargo premises for the purpose of using the location's banking services. (*Id.* at ¶ 5). Upon approaching the building, Ms. Howard tripped and fell because of a screw-like protrusion that was present in the front walkway of the building's entrance. (*Id.* at ¶¶ 6, 11).

Ms. Howard initiated this lawsuit by filing a Complaint in the Circuit Court for the Eighteenth Judicial Circuit of Brevard County, Florida on February 24, 2016. (Doc. 2). Wells Fargo filed a Notice of Removal to this Court on March 23, 2016 on grounds of diversity jurisdiction pursuant to 28 U.S.C § 1332. (Doc. 1). Now before the Court is Wells Fargo's Motion to Dismiss.

II.     **STANDARD OF REVIEW**

In order to survive a motion to dismiss made under Federal Rule of Civil Procedure 12(b)(6), the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the plaintiff alleges sufficient factual allegations to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mere legal conclusions or recitations of the elements of a claim are insufficient. *Id.* District courts must accept all well-pleaded allegations within the complaint as true. *Id.* Additionally, courts must view the complaint in the light most favorable to the plaintiff and must resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994) (per curiam).

### III. DISCUSSION

Wells Fargo raises three grounds for dismissing Ms. Howard's Complaint. First, the Court will address Wells Fargo's argument that the Complaint does not contain sufficient factual allegations. Next, the Court will address the arguments that the Complaint improperly comingles claims, fails to plead constructive notice, and fails to plead the existence of a "hidden danger." Lastly, the Court will answer Wells Fargo's argument that the Complaint impermissibly fails to separate statements.

#### A.   Insufficient Inclusion of Facts and Reliance on Legal Conclusions

Wells Fargo challenges the Complaint as one that fails to sufficiently assert facts as dictated by Federal Rule of Civil Procedure 8(a)(2). (Doc. 12, p. 2). Negligent premises liability claims under Florida substantive law[2] require a showing that the defendant (1) possessed or controlled the premises, (2) owed the plaintiff a legal duty of care, (3) breached that duty in regards to the plaintiff, (4) caused an injury to the plaintiff due to its breach, (5) had "notice of the dangerous condition," and (6) caused an injury to the plaintiff that resulted in damages. *Lisanti v. City of Port Richey*, 787 So. 2d 36, 37 (Fla. Dist. Ct. App. 2001).

The Complaint contains sufficient factual information to raise the claim above mere speculation and survive Wells Fargo's Motion to Dismiss. First, the Complaint contains sufficient factual information regarding a duty owed to Ms. Howard. An invitee is any individual that enters the premises of another for purposes related to the business of that

---

[2]   Federal courts sitting in diversity must apply the substantive law of the forum state. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *see also Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Accordingly, the Court applies Florida substantive law to Ms. Howard's claims.

owner or occupant of the premises. *Post v. Lunney*, 261 So. 2d 146, 147–48 (Fla. Dist. Ct. App. 1972). Property owners owe invitees a duty of care such that they will be reasonably protected from dangers that the owner is aware of or should be aware of. *Id.* at 147. The Complaint indicates that Ms. Howard was present on Wells Fargo's premises at the time of the incident for the purpose of using Wells Fargo's banking services (Doc. 2, ¶¶ 4–5); as such, this Court may plausibly infer her presence as an invitee entitled to protection from dangers on Wells Fargo's premises.

The Complaint also sufficiently alleges that Wells Fargo breached its lawful duty of care to Ms. Howard. To establish that a breach of duty occurred, a plaintiff must demonstrate that the defendant failed to maintain its property in a reasonably safe condition or that the defendant failed to warn the plaintiff of a dangerous condition of which it was aware or should have been aware. *Lester's Diner II, Inc. v. Gilliam*, 788 So. 2d 283, 285 (Fla. Dist. Ct. App. 2000). Here, Ms. Howard asserts that a screw-like object was present in the concrete of the bank's entranceway (Doc. 2, ¶¶ 6, 9) and that the existence of this object breached the duty of care owed to Ms. Howard. (*Id.* at ¶ 8). Any questions concerning the length of time that the dangerous condition existed, whether Wells Fargo was aware or should have been aware of the condition, or whether Ms. Howard was placed on notice of the condition are questions for discovery. From the provided information, this Court can plausibly infer a breach of the duty owed to Ms. Howard.

Next, there is sufficient information regarding causation for the Complaint to survive Wells Fargo's Motion to Dismiss. Causation entails both a cause-in-fact element and a proximate cause element. *Janis v. Pratt & Whitney Can., Inc.*, 370 F. Supp. 2d

1226, 1229 (M.D. Fla. 2005). Here, the Complaint states that Ms. Howard was caused to trip and fall due to the screw-like object protruding in the entranceway that "snagged her pants." (Doc. 2, ¶ 6). Whether or not Ms. Howard's injuries could be reasonably foreseen by Wells Fargo and attributed to this protrusion may be properly investigated in discovery. Thus, Ms. Howard's Complaint properly articulates the requisite causation element.

Lastly, Ms. Howard's complaint adequately asserts that actual damages resulted from the incident. To allege a negligence cause of action, there must be proof of actual loss or damages. *Lucarelli Pizza & Deli v. Posen Constr., Inc.*, 173 So. 3d 1092, 1094 (Fla. Dist. Ct. App. 2015). Ms. Howard includes within the Complaint that she has experienced scarring and disfigurement, suffered injuries to "her head, neck, body, limbs, and nervous system," and has incurred significant medical costs as a result of this injury. (Doc. 2, ¶ 12). Therefore, the Complaint contains the necessary information to plausibly infer that an actual injury has occurred as a result of the alleged incident.

Disregarding the inclusion of conclusory statements within the Complaint, there are sufficient factual allegations to make Ms. Howard's Complaint against Wells Fargo one that is plausible on its face and not merely speculative.

### B. Comingling of Claims, Failure to Plead Constructive Notice, Failure to Establish "Hidden Danger"

Wells Fargo argues that the Complaint comingles claims, fails to plead constructive notice, and fails to establish that there was a hidden danger—in a manner that makes answering the Complaint "impossible." (Doc. 12, pp. 7–9). Claims need only be particularized to the extent that the Court is adequately informed as to the issue presented and the defendant may be able to prepare a defense and file responsive pleadings. *Eidson v. Arenas*, 155 F.R.D. 215, 220 (M.D. Fla. 1994). Specific details surrounding

allegations may be properly obtained through the discovery process. *Campbell v. Miller*, 836 F. Supp. 827, 832 (M.D. Fla. 1993). If a complaint is factually sufficient, it may not be dismissed merely for failure to articulate a specific legal theory. *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014) (per curiam). Further, pleading standards "do not require that a plaintiff specifically plead every element of a cause of action." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001); *see also Perez v. City of Key West*, 823 F. Supp. 934, 936 (M.D. Fla. 1993).

The Complaint filed by Ms. Howard contains sufficient factual allegations to allow Wells Fargo to craft its defenses and file a responsive pleading. Wells Fargo expresses confusion regarding potential premises liability, failure to warn, failure to maintain, construction defect, and design defect claims. (Doc. 12, p. 7). Although each of these species of negligence are composed of specific elements, Ms. Howard need not demonstrate the existence of every element within her Complaint. All of these claims are fundamentally sounded in negligence and may rely upon the same common core of facts displayed in the Complaint.

Wells Fargo's concerns regarding the failure to plead constructive notice and failure to plead the existence of a hidden danger (*Id*. at pp. 8–9) are similarly insufficient to warrant dismissal of the Complaint. Ms. Howard need not articulate every element of every theory she wishes to pursue and specific facts relevant to Ms. Howard's claim may be obtained via discovery. This Court finds that Ms. Howard's Complaint sufficiently informs the Court of the nature of her action and properly informs Wells Fargo such that a defense and responsive pleading may be crafted.

### C. Failure to Plead Separate Statements and Claims

Wells Fargo's final argument for dismissal is that the Complaint fails to separate statements and limit statements to a single set of facts. (Doc. 12, pp. 9–10). The Federal Rules of Civil Procedure state that "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Where several claims are being asserted, separation is necessary only when each claim is based on "a separate transaction or occurrence" and doing so would facilitate "the clear presentation of the matters set forth." *See Amegy Bank Nat'l Ass'n v. Deutsche Bank Corp.*, 917 F. Supp. 2d 1228, 1232–33 (M.D. Fla. 2013); *Thomas v. Luzerne Cty. Corr. Facility*, 310 F. Supp. 2d 718, 721 (M.D. Pa. 2004)).

The Complaint does not impermissibly fail to separate statements and claims in accordance with Rule 10(b) because the facts alleged arise out of a single "set of circumstances." The potential causes of action arising from Ms. Howard's Complaint originate from a single set of circumstances concerning an alleged trip and fall caused by a protrusion in the entranceway of the bank. Although there are numerous facts within the Complaint, all of them result from a single occurrence that happened at one time and at one place, such that they can be considered to be a single "set" of circumstances. Therefore, the Complaint sufficiently adheres to Rule 10(b) and will not be dismissed on this ground.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Wells Fargo's Motion to Dismiss Complaint, or, in the Alternative, Motion for More Definite Statement (Doc. 12) is **DENIED**.

2. Defendant shall answer Plaintiff's Complaint within **fourteen (14) days** of this Order.

**DONE AND ORDERED** in Orlando, Florida on June 23, 2016.

*[signature]*
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record